UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GEORGE LODER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:20-cv-00157-JDL |
| | ) | |
| MAINE INTELLIGENCE | ) | |
| ANALYSIS CENTER, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION FOR
CONFIDENTIALITY ORDER**

Defendants ask the Court to enter a confidentiality order to apply to discovery in this case. (Motion, ECF No. 17.)  Defendants anticipate that discovery might include the production of personal information regarding individuals who are not parties to this case, information that might be confidential pursuant to law, and information that might implicate public safety and security.  Plaintiff objects to a confidentiality order as unnecessary, unduly burdensome, and contrary to the public interest. (Response, ECF No. 21.)

District of Maine Local Rule 26(d) authorizes a party to move for an order to govern the production and use of confidential documents and information in a case.  A protective order, such as a confidentiality order, is often entered to facilitate discovery without the need for the parties and courts to incur the time and expense of addressing various discovery disputes.  As the First Circuit explained:

> Judges have found in many cases that effective discovery, with a minimum of disputes, is achieved by affording relatively generous protection of discovery material. Impairing this process has immediate costs, including the delay of discovery and the cost to the parties and the court of resolving objections that would not be made if a protective order were allowed.

*Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 535 (1st Cir. 1993).

Because discovery might include information that is personal to non-parties, information that might be confidential by law, and information that might implicate public safety and security, to help avoid discovery disputes and the attendant delay in the production of the information, a confidentiality order is appropriate. The Court, therefore, grants the motion for a confidentiality order and will enter the proposed order.

Plaintiff's concern about the potential burden associated with a confidentiality order, however, is not unfounded, particularly if a party unreasonably designates information as confidential. "[A] confidentiality order 'contemplates specific, rather than blanket, designations.'" *Ouellette v. Gaudette*, No. 2:16-cv-53-DBH, 2016 WL 7263044, at *2 (D. Me. Dec. 14, 2016) (quoting *Sea Hunters, LP v. S.S. Port Nicholson*, No. 2:08-cv-272-GZS, 2014 WL 2117358, at *3 (D. Me. May 21, 2014)). The Court expects the parties will not unnecessarily designate information as confidential.

## **NOTICE**

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

> */s/ John C. Nivison*
> U.S. Magistrate Judge

Dated this 30th day of December, 2020.