## UNITED STATES DISTRICT COURT
### FOR THE
### DISTRICT OF MAINE

|  |  |
|---|---|
| GEORGE LODER,<br><br>    Plaintiff<br><br>         v.<br><br>MAINE INTELLIGENCE ANALYSIS<br>CENTER, et al.<br><br>    Defendants. | 2:20-cv-00157-JDL |

## CONFIDENTIALITY ORDER

A party to this action has moved that the Court enter a confidentiality order. The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, it is ORDERED:

1. **Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. "Documents" include all information or items, regardless of the medium or manner generated, stored or maintained (including, among other things, hard-copy documents, electronically stored information, data, testimony,

transcripts, and tangible objects).  This Order is subject to the Local Rules of this District and of the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.  **Form and Timing of Designation.**  A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation.  Documents shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3.  **Documents Which May Be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.**  Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER but only after review of the documents by an attorney[1] or a party appearing *pro se* who has in good faith

---

[1] An attorney who reviews the documents and designates them as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER must be admitted to the Bar of at least one state but need not be admitted to practice in the District of Maine and need not file the certification required of visiting lawyers by Local Rule 83.1(c) unless he/she is appearing generally in the case on behalf of a party.

determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, trade secrets, personnel records, or commercial information. The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure. Information or documents that are available in the public sector may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

**3A. Documents Which May Be Designated HIGHLY CONFIDENTIAL – NOT TO BE COPIED OR DISTRIBUTED.** The Defendants may designate documents as HIGHLY CONFIDENTIAL – NOT TO BE COPIED OR DISTRIBUTED in the same manner as in paragraph 2, but only after review of the documents by an attorney for the Defendants who has in good faith determined that the documents contain information protected from disclosure by Title 16, Chapter 9 of the Maine Revised Statutes Annotated. The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure. Challenges to such a designation may be made in the same manner as challenges to documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

---

By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

4.  **Depositions.**  Deposition testimony shall be deemed CONFIDENTIAL -

SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation

shall be <u>specific as to the portions</u> to be designated CONFIDENTIAL - SUBJECT

TO PROTECTIVE ORDER. Depositions, in whole or in part, shall be designated

on the record as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER at the

time of the deposition. Deposition testimony so designated shall remain

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER until seven days after

delivery of the transcript by the court reporter. Within seven days after delivery of

the transcript, a designating party may serve a Notice of Designation to all parties

of record as to specific portions of the transcript to be designated CONFIDENTIAL

- SUBJECT TO PROTECTIVE ORDER. Thereafter, those portions so designated

shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

pending objection under the terms of this Order. The failure to serve a Notice of

Designation shall waive the CONFIDENTIAL - SUBJECT TO PROTECTIVE

ORDER designation made on the record of the deposition.  If deposition excerpts

have not been designated as confidential pursuant to this order, they are not to be

treated as sealed documents when filed with the court.

5.  **Protection of Confidential Material.**

(a)   **General Protections.**  Documents designated CONFIDENTIAL -

SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or

disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

**(b)   Limited Third-Party Disclosures.**   The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(6). Except for those persons set forth in subparagraph (1), no third person or entity may be allowed to retain a copy of any documents designated HIGHLY CONFIDENTIAL – NOT TO BE COPIED OR DISTRIBUTED, and may review documents so designated only under the supervision of counsel for a party.  Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

>    **(1)   Counsel.** Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

>    **(2) Parties.** Parties, employees, and former employees of a party to this Order but only (a) to the extent counsel determines that the specifically named individual party or employee's assistance is reasonably necessary to the conduct of the litigation in which the

information is disclosed, or (b) in the course of taking the deposition of the specifically named individual party or employee;

**(3) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(4) Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(5) Consultants and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

**(6) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(c)  Control of Documents.**  Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order.  Counsel shall maintain either paper or electronic copies of the forms signed by persons acknowledging their obligations under this Order for a period of six years from the date of signing.

**(d)  Copies.**  Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – NOT TO BE COPIED OR DISTRIBUTED under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – NOT TO BE COPIED OR DISTRIBUTED" if the word does not already appear on the copy.  All such copies shall thereafter be entitled to the protection of this Order.  The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**6. Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

**Documents.** Before any document marked as CONFIDENTIAL - SUBJECT TO

PROTECTIVE ORDER is filed with the Clerk the party filing the document shall

make reasonable efforts to ensure that the document is protected from public

disclosure or has been redacted to remove nonessential confidential information.

The filing party shall first consult with the party which originally designated the

document as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER to

determine whether, with the consent of that party, a redacted document may be filed

with the Court not under seal.  Where agreement is not possible or adequate, a

confidential document may be electronically filed under seal only in accordance

with Local Rule 7A.  Other than motions to seal and memoranda governed by Local

Rule 7A, if the confidential contents of CONFIDENTIAL - SUBJECT TO

PROTECTIVE ORDER documents are incorporated into memoranda or other

pleadings filed with the court, counsel shall prepare two versions of the pleadings,

a public and a confidential version.  The public version shall contain a redaction of

the contents of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

documents and shall be filed with the Clerk within three business days after the

filing of the confidential version.  The confidential version shall be a full and

complete version of the pleading, including any exhibits which the party maintains

should be under seal and shall be filed with the Clerk attached to a motion to seal

filed in accordance with Local Rule 7A.  The public version shall plainly indicate

the exhibits (both by number and description of the exhibit) that have been filed

under seal with the confidential version.  In the event the confidential exhibit must

be filed under seal because the parties cannot reach agreement on redaction, the

filing party, if not the party seeking to maintain confidentiality status, shall describe

the document and give it an Exhibit Number, indicating that it will be filed

separately under seal by the opposing party.  The party seeking to maintain

confidential status shall file a motion to seal in accordance with Local Rule 7A

within three business days of the filing of the opposing party's pleading.  Failure to

file a timely motion to seal could result in the pleading/exhibit being unsealed by

the court without further notice or hearing.

**7.  No Greater Protection of Specific Documents.**  No party may withhold

information from discovery on the ground that it requires protection greater than

that afforded by this Order unless the party moves for an order providing such

special protection.

**8.      Challenges by a Party to Designation as Confidential.** Any

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is subject

to challenge by any party or non-party (hereafter "party").  The following procedure

shall apply to any such challenge.

(a)  **Objection to Confidentiality.** Within 30 days of the receipt of any

document designated CONFIDENTIAL - SUBJECT TO PROTECTIVE

ORDER or of the refusal to produce a document on the ground of such designation, a party may serve upon the designating party an objection to the designation. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents.  CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to which an objection has been made shall remain CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER until designated otherwise by waiver, agreement or order of the Court.

**(b)   Obligation to Meet and Confer.** The objecting party and the party which designated the documents to which objection has been made shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

**(c) Obligation to File Motion.** If the parties cannot reach agreement  as to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, for the purpose of discovery, the designating party shall file within 30 days of the service of the objection a motion to retain the

10

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. The moving party has the burden to show good cause for the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. The failure to file the motion waives the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation of documents to which an objection was made, but the fact that the parties have agreed that the document will remain confidential for all purposes other than use in court does not mean that the item will necessarily be ordered sealed by the Court, even in the absence of objection by the opposing party

9. **Action by the Court.** Applications to the Court for an order relating to documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be by motion under Local Rule 7. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

10. **Use of Confidential Documents or Information at Trial.**  A party which intends to present or which anticipates that another party may present at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom shall identify the issue, not the information, in the pretrial memorandum. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**11. Obligations on Conclusion of Litigation.**

**(a) Order Remains in Effect.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)   Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents.**  Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 5(d), shall be returned to the producing party unless:  (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return, and the receiving party certifies to the producing party that it has destroyed the documents; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of

confidential documents.   This work product shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order.  An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents.

**(c)  Deletion of Documents Filed under Seal from ECF System.**  Filings under seal shall be deleted from the ECF system only upon order of the Court.

**12.  Order Subject to Modification.**   This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.  Motions to modify this Order shall be served and filed under Local Rule 7.

**13.  No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.   Nothing  herein  shall  be  construed  or  presented  as  a  judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**14.  Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of December, 2020.

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MAINE**

---

GEORGE LODER,

     Plaintiff

          v.

MAINE INTELLIGENCE ANALYSIS
CENTER, et al.

     Defendants.

CIVIL ACTION NO.: 2:20-cv-00157-JDL

---

**ACKNOWLEDGMENT**
**AND**
**AGREEMENT TO BE BOUND**


The undersigned hereby acknowledges that he/she has read the Confidentiality

Order dated _____ in the above-captioned action and

attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The

undersigned submits to the jurisdiction of the United States District Court for the District

of Maine in matters relating to the Confidentiality Order and understands that the terms

of the Confidentiality Order obligate him/her to use documents designated

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the Order

solely for the purposes of the above-captioned action, and not to disclose any such

documents or information derived directly therefrom to any other person, firm or

concern.  The undersigned further understands that the terms of the Confidentiality Order

obligate him/her not to retain a copy of any document designated HIGHLY

15

CONFIDENTIAL – NOT TO BE COPIED OR DISTRIBUTED and to review

documents so designated only under the supervision of counsel for a party.

The undersigned acknowledges that violation of the Confidentiality Order may

result in penalties for contempt of court.

Name:          _____

Job Title:          _____

Employer:          _____

Business Address:          _____

_____

_____

Date: _____          _____
                                    Signature

16