UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MAINE

| | |
|---|---|
| GEORGE LODER,<br><br>    Plaintiff,<br><br>    v.<br><br>MAINE INTELLIGENCE ANALYSIS CENTER, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 2:20-cv-00157-JDL |

### DEFENDANTS' ANSWER TO COMPLAINT

Defendants Maine Intelligence Analysis Center[1] ("MIAC"), John Cote, Scott Ireland, and Michael Johnston, by their attorneys, answer the Plaintiff's Complaint as follows:

### PARTIES

1. Defendants admit that Plaintiff is employed as a State Trooper by the Maine State Police. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1 and therefore deny them.

2. Defendants deny the allegations in Paragraph 2.

3. Defendants admit that the MIAC is funded in part using federal dollars from the Homeland Security Grant Program. Defendants deny the remaining allegations in Paragraph 3.

4. Defendants deny the allegations in Paragraph 4.

5. Defendants deny the allegations in Paragraph 5.

6. Defendants admit that Col. John Cote is Chief of the Maine State Police. Defendants deny the remaining allegations in Paragraph 6.

---

[1] The correct name of the Defendant is the Maine Information & Analysis Center.

7. Defendants deny the allegations in Paragraph 7.

8. Defendants deny the allegations in Paragraph 8.

9. Defendants deny the allegations in Paragraph 9.

10. Defendants admit that Scott Ireland is a Lieutenant in the Maine State Police. Defendants deny the remaining allegations in Paragraph 10.

11. Defendants deny the allegations in Paragraph 11.

12. Paragraph 12 consists solely of legal conclusions that do not warrant a response. To the extent that any response is warranted, Defendants deny the allegations in Paragraph 12.

## Nature of Claim

13. Defendants deny the allegations in Paragraph 13.

14. Defendants deny the allegations in Paragraph 14.

15. Paragraph 15 lacks factual allegations such that no response is warranted. To the extent that any response is required, Defendants deny the allegations in Paragraph 15.

16. Paragraph 16 lacks factual allegations such that no response is warranted. To the extent that any response is required, Defendants deny the allegations in Paragraph 16.

## Administrative Proceedings

17. Defendants deny the allegations in Paragraph 17.

18. Defendants admit that the Office of the Attorney General received a document titled "Notice of Tort Claim" dated November 9, 2018. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 18 and therefore deny them.

19. Paragraph 19 consists solely of legal conclusions that do not warrant a response. To the extent that any response is required, Defendants deny the allegations in Paragraph 19.

20. Paragraph 20 consists solely of legal conclusions that do not warrant a response. To the extent that any response is required, Defendants deny the allegations in Paragraph 20.

### Jurisdiction

21. Paragraph 21 consists solely of legal conclusions that do not warrant a response. To the extent that any response is required, Defendants deny the allegations in Paragraph 21.

22. Paragraph 22 consists solely of legal conclusions that do not warrant a response. To the extent that any response is required, Defendants deny the allegations in Paragraph 22.

### Venue

23. Paragraph 23 consists solely of legal conclusions that do not warrant a response. To the extent that any response is required, Defendants deny the allegations in Paragraph 23.

### Demand for Jury Trial

24. Paragraph 24 lacks factual allegations such that no response is warranted. To the extent that any response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and therefore deny them.

### Facts

25. Defendants admit that Plaintiff George Loder was hired by the Maine State Police in 1994 and remains presently employed by the Maine State Police.

26. Defendants deny the allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 and therefore deny them.

32. Defendants admit that Plaintiff Loder began an assignment to the Joint Terrorism Task Force ("JTTF"). Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 32 and therefore deny them.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants admit that the JTTF and the MIAC are not the same entity. Defendants deny the remaining allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants admit that the quoted text appears in an Executive Order dated December 8, 2006. Defendants deny the remaining allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 and therefore deny them.

39. Defendants admit that Plaintiff Loder met with Carlton Small in a coffee shop in Portland. Defendants deny the remaining allegations in Paragraph 39.

40. Defendants admit that Small gave Plaintiff Loder performance evaluations to sign. Defendants deny the remaining allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants admit the allegations in Paragraph 42.

43. Defendants admit that the language quoted in Paragraph 43 appears in an email sent from Richard Murphy dated March 14, 2017. Defendants lack knowledge or information

sufficient to form a belief about the truth of the remaining allegations in Paragraph 43 and therefore deny them.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants admit that Defendant Johnston informed Plaintiff Loder that Plaintiff Loder was expected to take part in weekly MIAC staff meetings. Defendants deny the remaining allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants admits the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants admit that the language quoted in Paragraph 54 is similar to language that appears in an email sent from Defendant Johnston to Plaintiff Loder dated November 14, 2017, but deny that the quotation is accurate. Defendants admit that the same email contained a statement asking Plaintiff Loder to acknowledge receipt and understanding of the email. Defendants deny the remaining allegations in Paragraph 54.

55. Defendants admit that the same email sent from Defendant Johnston to Plaintiff Loder dated November 14, 2017, was copied to Aaron Steps and that the language quoted in Paragraph 55 appears in the email, absent the comma.

56. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 and therefore deny them.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

65. Defendants admit that the Brady Handgun Violence Prevention Act of 1993, Public Law 103-159, established the National Instant Criminal Background Check System ("NICS"). Defendants admit that the NICS was developed, in part, for federal firearms licensees ("FFLs") to use to determine whether a person can legally buy or own a firearm. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 65 and therefore deny them.

66. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 and therefore deny them.

67. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 and therefore deny them.

68. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 and therefore deny them.

69. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 and therefore deny them.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny that MIAC maintains the data described and that it maintains data contrary to state and federal law. The remaining allegations in Paragraph 72 consist solely of legal conclusions which do not warrant a response. To the extent that any response is necessary, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 72 and therefore deny them.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants deny the allegations in Paragraph 74.

75. Defendants deny the allegations in Paragraph 75.

76. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 and therefore deny them.

77. Defendants admit that on March 26, 2018, Plaintiff Loder met with Defendant Johnston at the FBI office in Portland, Maine, in connection with his annual performance evaluation. Defendants deny the remaining allegations in Paragraph 77.

78. Defendants admit that Johnston asked Loder what his plans were in the upcoming year from a professional development standpoint. Defendants deny the remaining allegations in Paragraph 78.

79. Defendants admit that Loder told Johnston on March 26, 2018, that he wished to remain on the JTTF. Defendants deny the remaining allegations in Paragraph 79.

80. Defendants deny the allegations in Paragraph 80.

81. Defendants admit that Aaron Steps and Defendant Johnston reviewed Loder's work performance for the previous year. Defendants deny the remaining allegations in Paragraph 81.

82. Defendants deny the allegations in Paragraph 82.

83. Defendants admit that Defendant Johnston continued to require Plaintiff Loder to attend weekly MIAC staff meetings. Defendants deny the remaining allegations in Paragraph 83.

84. Defendants deny the allegations in Paragraph 84.

85. Defendants deny the allegations in Paragraph 85.

86. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86 and therefore deny them.

87. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 and therefore deny them.

88. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88 and therefore deny them.

89. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89 and therefore deny them.

90. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90 and therefore deny them.

91. Defendants deny that Defendant Johnston gave Plaintiff Loder a directive to involve the MIAC staff in his criminal investigations by regularly disclosing and discussing case information with them. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 91 and therefore deny them.

92. Defendants deny the allegations in Paragraph 92.

93. Defendants deny the allegations in Paragraph 93.

94. Defendants deny the allegations in Paragraph 94.

95. Defendants deny the allegations in Paragraph 95.

96. Defendants admit that on May 15, 2018, Plaintiff Loder met with Defendants Johnston and Ireland at the MIAC. Defendants further admit that Plaintiff Loder was told during this meeting that he would be removed from his temporary assignment to the JTTF and reassigned to a fixed-duty assignment at the MIAC in Augusta, where his regular work hours would be 8:00 a.m. - 4:00 p.m. Defendants deny the remaining allegations in Paragraph 96.

97. Defendants admit that Defendant Johnston circulated a memorandum on May 15, 2018 regarding the MIAC's protocol about Seeds of Peace. Defendants deny the remaining allegations in Paragraph 97.

98. Defendants deny the allegations in Paragraph 98.

99. Defendants deny the allegations in Paragraph 99.

100. Defendants deny the allegations in Paragraph 100.

101. Defendants admit that Defendant Ireland told Plaintiff Loder that he would ask the command staff if there were any openings for a Maine State Police Detective closer to Plaintiff's home. Defendants deny the remaining allegations in Paragraph 101.

102. Defendants deny the allegations in Paragraph 102.

103. Defendants admit that a telephone call took place on May 16, 2018, between Plaintiff Loder and Defendants Johnston and Ireland. Defendants deny the remaining allegations in Paragraph 103.

104. Defendants deny the allegations in Paragraph 104.

105. Defendants deny the allegations in Paragraph 105.

106. Defendants deny the allegations in Paragraph 106.

107. Defendants admit that Plaintiff Loder said that they were forcing him to file a grievance and that they were forcing him out of the State Police. Defendants deny the remaining allegations in Paragraph 107.

108. Defendants admit that prior to May 29, 2018, and again on May 29, 2018, Plaintiff Loder was ordered to meet with Defendants Ireland and Johnston in Augusta on that date. Defendants deny the remaining allegations in Paragraph 108.

109. Defendants admit that on May 29, 2018, Loder made statements about the MIAC's information sharing practices being illegal. Defendants deny the remaining allegations in Paragraph 109.

110. Defendants admit that on May 31, 2018, Plaintiff Loder met with Defendants Ireland and Johnston and Tyler Stevenson in Augusta. Defendants admit that Plaintiff Loder was issued a document titled "Maine State Police Record of Employee Performance" regarding Plaintiff Loder's insubordination and violation of General Order E-24, Maine State Police Code of Conduct, that occurred on May 16, 2018, but Defendants deny that this document was given to Plaintiff Loder on May 31, 2018. Defendants deny the remaining allegations in Paragraph 110.

111. Defendants admit that the document titled "Maine State Police Record of Employee Performance" contains the language quoted in Paragraph 111. Defendants deny the remaining allegations in Paragraph 111.

112. Defendants admit that the Record of Employee Performance was shown to Plaintiff Loder on May 29, 2018, and that it contains the language that was quoted in Paragraph 111. Defendants deny the remaining allegations in Paragraph 112.

113. Defendants deny the allegations in Paragraph 113.

114. Defendants admit that Plaintiff Loder walked out of a meeting between him, Defendants Ireland and Johnston and Tyler Stevenson on May 31, 2018, on one or more occasions, and that he said that he was going to the restroom. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations that Plaintiff Loder began having a severe headache and became nauseated and therefore deny them. Defendants admit that Plaintiff Loder raised his voice during the meeting. Defendants deny the remaining allegations in Paragraph 114.

115. Defendants deny the allegations in Paragraph 115.

116. Defendants admit that Defendants Johnston and Ireland followed Plaintiff Loder into the hallway after he walked out during the middle of the meeting. Defendants deny the remaining allegations in Paragraph 116.

117. Defendants admit that Plaintiff Loder was interviewed by Lt. Anna Love and Sgt. Carleton Small of the Maine State Police Office of Professional Standards on June 5, 2018, regarding an allegation about insubordinate, rude, and unprofessional behavior that Plaintiff Loder engaged in towards Defendants Ireland and Johnston on May 29, 2018. Defendants admit that Craig Poulin was present at the interview. Defendants deny the remaining allegations in Paragraph 117.

118. Defendants deny the allegations in Paragraph 118.

119. Defendants admit that Plaintiff Loder was found to have engaged in rude and unprofessional behavior on May 29, 2018. Defendants deny the remaining allegations in Paragraph 119.

120. Defendants admit that Plaintiff Loder took a medical leave in 2018, that he returned to work after his medical leave ended, that he remained employed by the Maine State Police, and that he voluntarily requested and accepted a demotion to a State Trooper position. Defendants deny the remaining allegations in Paragraph 120.

### Count 1 – Whistleblower Protection Act, 26 M.R.S.A. § 831, et seq.

121. Defendants incorporate their responses to Paragraphs 1-120 by reference.

122. Paragraph 122 consists of legal conclusions which do not warrant a response. In the event that any response is necessary, Defendants admit that Plaintiff Loder has been employed by the Maine State Police since 1994. Defendants deny the remaining allegations in Paragraph 122.

123. Defendants deny the allegations in Paragraph 123.

124. Defendants deny the allegations in Paragraph 124.

125. Defendants deny the allegations in Paragraph 125.

126. Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph 126 and therefore deny them.

127. Defendants deny the allegations in Paragraph 127.

### Count 2 – First Amendment – Retaliation, 42 U.S.C. § 1983

128. Defendants incorporate their responses to Paragraphs 1-127 by reference.

129. Defendants deny the allegations in Paragraph 129.

130. Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph 130 and therefore deny them.

131. Defendants deny the allegations in Paragraph 131.

132. Defendants deny the allegations in Paragraph 132.

133. Defendants deny the allegations in Paragraph 133.

134. Defendants deny the allegations in Paragraph 134.

### Count 3 – 42 U.S.C. § 1983 and 28 C.F.R. Part 23 and 5 U.S.C. § 552a

135. Count 3 has been dismissed, and no response is necessary. To the extent that any response is required, Defendants incorporate their responses to Paragraphs 1-134 by reference.

136. Count 3 has been dismissed, and no response is necessary. To the extent that any response is required, Defendants deny the allegations in Paragraph 136.

137. Count 3 has been dismissed, and no response is necessary. To the extent that any response is required, Defendants deny the allegations in Paragraph 137.

138. Count 3 has been dismissed, and no response is necessary. To the extent that any response is required, Defendants deny the allegations in Paragraph 138.

### Count 4 – Privacy Act – 5 U.S.C. § 552a

139. Count 4 has been dismissed, and no response is necessary. To the extent that any response is required, Defendants incorporate their responses to Paragraphs 1-138 by reference.

140. Count 4 has been dismissed, and no response is necessary. To the extent that any response is required, Defendants deny the allegations in Paragraph 140.

141. Count 4 has been dismissed, and no response is necessary. To the extent that any response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 141 and therefore deny them.

142. Count 4 has been dismissed, and no response is necessary. To the extent that any response is required, Defendants deny the allegations in Paragraph 142.

143. Count 4 has been dismissed, and no response is necessary. To the extent that any response is required, Defendants deny the allegations in Paragraph 143.

144. Count 4 has been dismissed, and no response is necessary. To the extent that any response is required, Defendants deny the allegations in Paragraph 144.

145. Count 4 has been dismissed, and no response is necessary. To the extent that any response is required, Defendants deny the allegations in Paragraph 145.

146. Count 4 has been dismissed, and no response is necessary. To the extent that any response is required, Defendants deny the allegations in Paragraph 146.

147. Count 4 has been dismissed, and no response is necessary. To the extent that any response is required, Defendants deny the allegations in Paragraph 147.

148. Count 4 has been dismissed, and no response is necessary. To the extent that any response is required, Defendants deny the allegations in Paragraph 148.

## **Count 5 – Due Process under the 14th Amendment, 42 U.S.C. § 1983**

149. Count 5 has been dismissed, and no response is necessary. To the extent that any response is necessary, Defendants incorporate their responses to Paragraphs 1-148 by reference.

150. Count 5 has been dismissed, and no response is necessary. To the extent that any response is required, Defendants deny the allegations in Paragraph 150.

151. Count 5 has been dismissed, and no response is necessary. To the extent that any response is required, Defendants deny the allegations in Paragraph 151.

### Count 6 – Injunctive Relief

152. Count 6 has been dismissed, and no response is necessary. To the extent that any response is required, Defendants incorporate their responses to Paragraphs 1-151 by reference.

153. Count 6 has been dismissed, and no response is necessary. To the extent that any response is required, Defendants deny the allegations in Paragraph 153.

154. Count 6 has been dismissed, and no response is necessary. To the extent that any response is required, Defendants deny the allegations in Paragraph 154.

155. Count 6 has been dismissed, and no response is necessary. To the extent that any response is required, Defendants deny the allegations in Paragraph 155.

### AFFIRMATIVE DEFENSES

AND FURTHER ANSWERING, Defendants state the following defenses:

1. Plaintiff lacks standing to assert some or all of his claims.

2. The Complaint fails to state a claim upon which relief may be granted.

3. Some or all of Plaintiff's claims are not enforceable through 42 U.S.C. § 1983.

4. The individual Defendants' conduct did not violate any clearly established statutory or constitutional right of which a reasonable person in their position would have known, and the individual Defendants are thus entitled to qualified immunity.

5. This matter is not ripe or is otherwise not justiciable.

6. Plaintiffs' claims are barred in whole or in part by sovereign immunity, the Eleventh Amendment, or both.

7. Plaintiff's claims are barred by the applicable statute(s) of limitations.

8. Plaintiff failed to exhaust his administrative remedies.

9. Defendants' actions were based upon legitimate non-discriminatory, non-retaliatory reasons and as a result of business necessity.

10. Even if the Defendants had discriminatory or retaliatory motive, they would have made the same decisions and taken the same actions with respect to Plaintiff for legitimate, non-discriminatory, non-retaliatory reasons.

11. Plaintiff did not meet Defendants' legitimate performance expectations.

12. Plaintiff's claims may be barred by the doctrine of after-acquired evidence.

13. To the extent the Plaintiff was injured, his injuries were not caused by Defendants' conduct, but rather were the result of his own conduct.

14. Plaintiff's injuries resulted solely and exclusively from the acts of third parties over which Defendants had no control.

15. Plaintiff's alleged injuries were proximately caused by an independent and efficient intervening cause, and not by any conduct of the Defendants.

16. Plaintiff failed to seek redress of his complaints.

17. Plaintiff's claims are barred by the doctrine of laches, estoppel and/or waiver.

18. Defendants made good faith efforts to comply with federal and state laws.

19. At all times, Defendants acted in good faith with respect to Plaintiff.

20. Plaintiff's claims for damages are barred or reduced to the extent that he failed to mitigate his damages.

21. Defendants are entitled to offset any judgment against it by any amounts received by Plaintiff in unemployment benefits, wages or other earnings.

22. Plaintiff is not entitled to injunctive relief against Defendants.

23. Plaintiff is not entitled to civil penal damages pursuant to 5 M.R.S. § 4613(2)(B)(7).

24. Plaintiff is not entitled to pre-judgment interest.

25. Any claim by Plaintiff for punitive damages against Defendants is barred by law.

26. Nominal damages are not permitted under the Maine Human Rights Act or the Maine Whistleblowers' Protection Act.

27. Defendants reserve the right to amend their answer and affirmative defenses with reasonable notice.

WHEREFORE, Defendants request that this Court dismiss Plaintiff's Complaint and/or deny the relief requested in Plaintiff's Complaint, enter judgment in Defendants' favor, and award Defendants costs, attorney's fees and such other relief as the Court deems proper.

Dated: March 17, 2021                    Respectfully submitted,

                                         AARON M. FREY
                                         Attorney General


                                         /s/ Valerie A. Wright
                                         Valerie A. Wright
                                         Assistant Attorney General
                                         valerie.a.wright@maine.gov
                                         /s/ Paul E. Suitter
                                         Paul E. Suitter
                                         Assistant Attorney General
                                         paul.suitter@maine.gov
                                         Six State House Station
                                         Augusta, Maine 04333-0006
                                         Tel. (207) 626-8800
                                         Fax (207) 287-3145

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2021, I electronically filed the above document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Cynthia A. Dill
dillesquire@gmail.com

/s/ Valerie A. Wright
Valerie A. Wright
Assistant Attorney General
Six State House Station
Augusta, Maine  04333-0006
Tel.  (207) 626-8800