UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| **GEORGE LODER** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 2:20-cv-157-JDL |
| | ) | |
| **MAINE INTELLIGENCE** | ) | |
| **ANALYSIS CENTER et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

### REPORT OF FINAL PRETRIAL CONFERENCE AND ORDER

A final pretrial conference was held on October 3, 2022, in Portland, Maine, before Chief Judge Jon D. Levy. Cynthia Dill, Esq. appeared for the Plaintiff and Kelly Morrell, Esq. and Paul Suitter, Esq. appeared for the Defendant.

It is **ORDERED** that the trial proceedings shall be governed by the following requirements:

**I.      Case Description**

The Plaintiff, George Loder, was employed by the Maine State Police as a detective in the Maine Intelligence Analysis Center ("MIAC"). In 2012, Loder was temporarily assigned to the FBI's Joint Terrorism Task Force ("JTTF"). Loder asserts that his supervisors at the Maine State Police asked him to share information about his JTTF position during weekly conference calls with the MIAC, but that he was reluctant to do so because he believed that doing so would violate federal rules and regulations. Loder contends that he raised this issue to his supervisors, who subsequently terminated his JTTF position and reassigned him to the MIAC, which he argues constitutes unlawful retaliation under the Maine Whistleblowers' Protection Act, *see* 26 M.R.S.A. § 833 (West 2022). He further contends that he was retaliated against for reporting what he considered to be unlawful activities conducted by the MIAC involving the collection and retention of information. In response, the Defendants argue that Loder's removal from the JTTF was occasioned by the imminent retirement of a Maine State Police detective and the need for Loder to conduct the duties previously performed by the retiring detective. The Defendants further contend that it was only after Loder's removal from the JTTF that they became

1

aware of his belief that the MIAC was violating federal law. Loder seeks compensatory damages, plus back pay, front pay, interest, costs, and attorney fees.

## II.   Trial Preparation

    A. <u>Discovery.</u>   The discovery is complete.

    B. <u>Motions in Limine.</u>  The Defendant's motion in limine regarding the scope of the evidence to be presented at trial and the admissibility of events that occurred after Loder's removal from the JTTF shall be filed by noon on October 7, 2022.  The Plaintiff's response shall be filed by noon on October 14, 2022, and the Defendant's reply shall be filed by noon on October 18, 2022.  Any other motions in limine shall be filed by noon on October 7, 2022, and any objections shall be filed by November 2, 2022.

    C. <u>Maximum Number of Trial Days.</u>  The case will require no more than five full trial days.

## III.   Trial Schedule

    A. <u>Trial Period.</u>  The case will be tried during the period beginning November 7, 2022, and ending December 2, 2022.

    B. <u>Trial Protection Periods.</u>  The case will not be subject to trial on the following dates during the trial period: November 14, 2022, and November 15, 2022.

    C. <u>Jury Selection.</u>  The jury will be selected on November 7, 2022. The parties consent to the presiding judicial officer at jury selection being a Magistrate Judge or being a District Judge who will not be the District Judge presiding when the jury is sworn and trial proceeds.

    D. <u>Settlement Notice.</u>   The parties shall inform the Clerk's office whether the case is settled or firm for trial by October 31, 2022.

IV.  **Trial Process**

 A.  <u>Stipulations.</u>  The parties shall file any agreed-to stipulations by November 2, 2022.

 B.  <u>Exhibits.</u>  The parties shall exchange exhibits by October 27, 2022.  The parties shall jointly prepare a consolidated list of all exhibits to be offered at trial, employing the form available on the Court's website (http://www.med.uscourts.gov/) by November 2, 2022.  In a jury case, the original set of exhibits is ordinarily sufficient and shall not be filed before trial; in a non-jury case, one extra set shall be filed.  *See* Local Rule 16.4(d).

 C.  <u>Witnesses.</u>  Each party shall file its witness list by November 2, 2022.  For each witness, the list shall indicate (i) the witness's name and address; (ii) whether the witness is a fact witness or an expert witness; (iii) a concise statement of the general subject matter of the witness's testimony; and (iv) an estimate of the time required for the direct examination of the witness.

 D.  <u>Jury Voir Dire.</u>  The parties shall file any proposed supplemental voir dire questions for the jury panel by October 31, 2022.  The parties should not to propose questions that are addressed in the Confidential Jury Questionnaire.  The jurors' completed Confidential Jury Questionnaires will generally be available for inspection at the Clerk's Office or electronically on CM/ECF at least three working days prior to jury selection.

 E.  <u>Jury Instructions.</u>  The parties shall submit proposed jury instructions by November 2, 2022.  Proposed instructions shall be stated in separate paragraphs and numbered sequentially.  Following the text of a proposed instruction, any applicable statutory or case authority for the requested instruction shall be provided.  The opposing party may submit a concise statement of any opposing authority by November 7, 2022.

 F.  <u>Special Verdict Form.</u>  If a verdict form is requested, the parties shall prepare an agreed-upon verdict form and submit the same to the court by November 2, 2022.  In the absence of an agreement, the parties shall submit separate proposed special verdict forms by that date.

G. <u>Juror Notebooks.</u>  The Court may permit the jurors to take notes in individual notebooks.  The notebooks include a glossary of common legal terms such as "sidebar," and a guide entitled "Suggestions for Jury Deliberation."  The parties are encouraged to review the glossary and submit by November 2, 2022, any proposed additional glossary terms that are specific to the case and would be helpful to the jury.  Any objection to the use of the glossary, guide, or proposed additional glossary terms shall be submitted by October 31, 2022.

H. <u>Trial Management Conference.</u>  The parties may request an additional trial management conference by contacting the Clerk's office.

**It is so ORDERED.**

**Dated this 3rd day of October, 2022**

                                                      **/s/ JON D. LEVY**
                                     **CHIEF U.S. DISTRICT JUDGE**