## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| **GEORGE LODER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:20-cv-00157-JDL** |
| | ) | |
| **MAINE DEPARTMENT OF** | ) | |
| **PUBLIC SAFETY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER ON DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

On November 30, 2022, at the close of Plaintiff George Loder's case-in-chief, Defendant Maine Department of Public Safety orally moved under Federal Rule of Civil Procedure 50 for judgment as a matter of law (ECF No. 117).  At the end of the trial, the Maine Department of Public Safety renewed its motion.

Judgment as a matter of law is governed by Federal Rule of Civil Procedure 50, which, in relevant part, provides:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may . . . grant a motion for judgment as a matter of law against the party on a claim . . . that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1).  Such a motion may be made at any time before the case is submitted to the jury and can be renewed no later than twenty-eight days after the jury is discharged.  Fed. R. Civ. P. 50(a)(2), (b).

"[I]n entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). But the court "may not consider the credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence." *Guilloty Perez v. Pierluisi*, 339 F.3d 43, 50 (1st Cir. 2003) (quoting *Katz v. City Metal Co.*, 87 F.3d 26, 28 (1st Cir. 1996)); *see also Reeves*, 530 U.S. at 150 ("[T]he court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence.").

A party challenging a jury verdict bears a "heavy burden," *White v. N.H. Dep't of Corr.*, 221 F.3d 254, 259 (1st Cir. 2000) (quoting *United States v. Scharon*, 187 F.3d 17, 21 (1st Cir. 1999)), and judgment as a matter of law is appropriate "only if 'the evidence, together with all reasonable inferences in favor of the verdict, could lead a reasonable person to only one conclusion, namely, that the moving party was entitled to judgment.'" *Marrero v. Goya of P.R., Inc.*, 304 F.3d 7, 22 (1st Cir. 2002) (quoting *Lama v. Borras*, 16 F.3d 473, 477 (1st Cir. 1994)).

In light of this standard, I have carefully reviewed all of the evidence, without weighing conflicting evidence, and I have drawn all reasonable inferences in favor of George Loder. Based on my review, I have concluded that there is a sufficient evidentiary basis for a reasonable jury to conclude that the Maine Department of Public Safety unlawfully violated Loder's rights under the Maine Whistleblowers' Protection Act, 26 M.R.S.A. § 833 (West 2022).

Accordingly, the Maine Department of Public Safety's Motion for Judgment as a Matter of Law (ECF No. 117) is **DENIED**.

**SO ORDERED.**

**Dated:  December 12, 2022**

                                                    _____/s/ JON D. LEVY_____
                                                    **CHIEF U.S. DISTRICT JUDGE**